UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **DAWN MORGAN,** *et al*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. V-10-11** |
| | § | |
| **STATE FARM FIRE AND CASUALTY** | § | |
| **COMPANY,** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

## OPINION & ORDER

Before the Court are Plaintiffs' Motion for Leave to Remand (Dkt. No. 4) and Motion for Leave to File First Amended Complaint and Application for Declaratory Judgment, and to Remand Under 28 U.S.C. § 1447(e) (Dkt. No. 7). Having reviewed the motions, responses,[1] replies, record, and applicable law, the Court is of the opinion that Plaintiffs' request for leave to amend should be **GRANTED**, and Plaintiffs' request to remand should be **DENIED**.

## I. Background

Plaintiffs Dawn Morgan and Mary Elizabeth Rubio ("Plaintiffs") originally filed this declaratory judgment action against Stephen and Marilyn Lange ("the Langes") and their insurer, State Farm Fire and Casualty Company ("State Farm"), in the 377th Judicial District Court of Victoria County, Texas. It is related to a tort suit also pending in Texas state court against the Langes' adult son, Matthew Lange ("Matthew"), in which Plaintiffs allege Matthew was at fault in causing an automobile accident that killed two passengers (including Stephen Rubio, the minor Plaintiffs' father) and injured two other passengers (the "Tort Case"). *Morgan v. Lange*, No. 09-6-6847-B (135th Judicial Dist. Ct., Victoria County, Tex., June 11, 2009). Because

---

1. State Farm's Motion for Leave to File its Response to Plaintiffs' Motion for Leave to File Amended Complaint and Application for Declaratory Relief and to Remand Under 28 U.S.C. § 1447(e) (Dkt. No. 11) is **GRANTED**.

Matthew was driving his parents' automobile at the time of the accident, Plaintiffs seek a declaration that the Langes' State Farm policy affords coverage for Matthew in the event that he is found liable in the Tort Case.

Several months before Plaintiffs filed their declaratory judgment action against State Farm and the Langes in state court, State Farm sued Matthew in the Southern District of Texas, Houston Division (the "Houston Action"). In that case, which is also presently pending, State Farm seeks a declaration that Matthew is not covered under his parents' policy and that State Farm does not owe a duty under the Policy to defend or indemnify him. *State Farm Fire & Cas. Co. v. Lange*, No. 4:09-CV-02011 (S.D.Tex. June 26, 2009). State Farm invited Plaintiffs to intervene in the Houston Action, but Plaintiffs declined.

Instead, Plaintiffs filed the present action, which State Farm subsequently removed to this Court. In its Notice of Removal, State Farm, which is an Illinois corporation, claimed that Plaintiffs only named the Langes as defendants in order to defeat diversity jurisdiction, and without the Langes there is complete diversity between the true parties in interest. Plaintiffs then moved to remand on the basis that complete diversity does not exist between the Parties, and shortly thereafter filed their motion for leave to amend and remand.[2]

## II. Plaintiffs' Motion for Leave to Amend

Plaintiffs seek leave to amend in order to join Matthew as a defendant in this case. According to Plaintiffs, the Texas Declaratory Judgment Act requires that they name Matthew as a defendant because he "has a rather obvious interest in a judgment that declares whether the State Farm policy affords him coverage," and his previous omission was "a mistake." (Dkt. No.

---

2. Linda Miller, the personal representative of Stephen Rubio's estate, has since intervened in this case. Miller filed a joinder to Plaintiffs' Motion to Remand (Dkt. No. 14), but did not join Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint and Application for Declaratory Judgment, and to Remand Under 28 U.S.C. § 1447(e).

7 at 2; Dkt. No. 10 at 2.) State Farm opposes Plaintiffs' motion as another improper attempt to destroy diversity.

### A. Legal Standard

The Federal Rules of Civil Procedure set forth a liberal policy in favor of permitting amendment of pleadings, and district courts are not to deny such amendments absent "a substantial reason" to do so. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208—09 (5th Cir. 2006) (unpublished). Indeed, the Fifth Circuit has long recognized that the Federal Rules "evince[ ] a bias in favor of granting leave to amend." *Dussouy*, 660 F.2d at 597. Accordingly, while leave to amend "is by no means automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted), courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a).

When determining whether to grant a motion for leave to amend, courts in this circuit may consider several factors, including undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). The definition of futility adopted by the Fifth Circuit includes circumstances in which a proposed amendment to assert a claim would fail to state a claim upon which relief could be granted under Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872—73 (5th Cir. 2000).

### B. Analysis

The Court finds that State Farm has failed to provide a "substantial reason" to justify denying Plaintiffs' request for leave to amend, and the factors set forth by the Fifth Circuit favor

amendment. *See Jones*, 427 F.3d at 994; *Avatar Exploration*, 933 F.2d at 321. State Farm is unable to show amendment would cause undue delay, as the Court has not yet conducted an initial Rule 16 scheduling conference with the Parties or entered a scheduling order in this case. State Farm is likewise unable to demonstrate that Plaintiffs have repeatedly failed to cure deficiencies in previous amendments, as this is Plaintiffs' first request to amend their complaint. Although State Farm claims that Plaintiffs' request for leave to amend is a bad faith attempt to destroy diversity jurisdiction, for the reasons set forth *infra*, amendment will not cause undue prejudice to State Farm. Finally, the Court does not find that amendment would be futile.

Accordingly, the Court is of the opinion that Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint should be **GRANTED**.

## IV. Plaintiffs' Motion to Remand

"Federal courts are courts of limited jurisdiction having only the authority endowed by the Constitution and that conferred by Congress." *United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (citing *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)) (internal quotation marks omitted). A defendant may remove an action from state to federal court only if the federal court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). State Farm has asserted that this Court has subject matter jurisdiction based on the Court's diversity jurisdiction. For diversity jurisdiction to exist, there must be complete diversity, and the following two conditions must be met: (1) none of the defendants may be a citizen of the state in which the district court sits; and (2) diversity must have existed when the original action and petition for removal were filed. 28 U.S.C. § 1441(b). If it appears that the Court lacks subject matter jurisdiction at any time before final judgment, the case must be remanded. 28 U.S.C. § 1447(c).

Plaintiffs contend that the case must be remanded to state court because Plaintiffs, Matthew, and the Langes are all Texas citizens, and therefore complete diversity between the Parties does not exist. However, a case may be removed despite the presence of a non-diverse defendant if the plaintiff improperly joined the non-diverse defendant. Thus, State Farm argues that the Langes are merely nominal defendants whose citizenship should be ignored for purposes of determining diversity jurisdiction and further moves the Court to realign Matthew as a proper plaintiff in this case.

### A. The Langes as Nominal Defendants

#### 1. Legal Standard

The Fifth Circuit has established that in a multi-defendant case, a nominal defendant can be disregarded in the jurisdictional analysis. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). In determining whether a defendant is a nominal party, the Court must consider "whether in the absence of [the party], the Court can enter a final judgment consistent with equity and good conscience which would not be unfair to the plaintiff." *See Farias v. Bexar County Bd. of Tr. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (citing *Tri-Cities Newspapers Inc. v. Tri-Cities Printing Pressmen and Assistants Local 349*, 427 F.2d 325 (5th Cir. 1970)). "The bottom line concern in this determination is whether the plaintiff can establish a cause of action against the allegedly nominal defendant in state court." *Dawson v. Legion Indem. Co.* 2000 WL 124813, *2 (N.D.Tex. Feb. 1, 2000) (citing *Farias*, 925 F.2d at 872).

#### 2. Analysis

"Whereas an insured may be a technically necessary party in a declaratory judgment action regarding coverage, *see* TEX. CIV. PRAC. & REM. CODE § 37.006 ('all persons who have or claim any interest that would be affected by the declaration must be made parties')," this does

not mean that the Langes are not nominal parties. *Dawson*, 2000 WL 124813, *2. Plaintiffs have not sued the Langes in the Tort Action, nor have they set forth any basis for recovery against the Langes in the present declaratory judgment action or any other hypothetical suit they may wish to file in the future. Furthermore, whether or not the Court determines that the State Farm policy affords coverage for Matthew in the event that he is found liable in the Tort Case, the Court "can enter a final judgment consistent with equity and good conscience which would not be unfair to [Plaintiffs]." *Farias*, 925 F.2d at 871).

Accordingly, the Court finds that the Langes are nominal parties in this lawsuit, and their citizenship will not be considered for purposes of determining diversity jurisdiction.

### B. Matthew's Realignment as a Proper Plaintiff

#### 1. Legal Standard

"[J]urisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). Instead, when determining whether complete diversity exists among parties, "it is the duty of the court to look beyond the pleading and arrange the parties according to their actual side in the controversy." *Bundag v. Euramerica Co.*, 510 F.Supp. 622, 624 (N.D.Tex. 1981) (citing *City of Indianapolis*, 314 U.S. at 69)).

The Northern District of Texas recently summarized the Fifth Circuit's test for realignment as follows:

> Generally, the court must realign so that the parties with the same 'ultimate interests' in the outcome of the case are on the same side. *Lowe v. Ingalls Shipbuilding, A Div. Of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (citing WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3607)). This test is meant to ensure that there is 'an "actual," * * * "substantial," * * * controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *Id.*

. . .

> The first step in the analysis is for this Court to determine the "primary and controlling matter in dispute," which is identified by the "plaintiff's principal purpose for filing its suit." *Zurn Industries, Inc. v. Acton Construction Co.*, 847 F.2d 234, 237 (5th Cir. 1988); *Lowe*, 723 F.2d at 1178.
>
> . . .
>
> Next, the court must determine which parties have a "collision of interest" with the plaintiff regarding the controlling matter and must align these parties as defendants in the case. *See Bundag,* 510 F.Supp. at 624 (court realigned a plaintiff as defendant).
>
> Likewise, any parties with interests identical to or coinciding with those of the plaintiff on the principal matter in dispute must be aligned as plaintiffs. *See City of Indianapolis*, 314 U.S. at 74 (where the principal matter in dispute was whether a lease was valid, a named defendant who, like plaintiff, wanted the lease enforced, was realigned as a plaintiff); *Lowe*, 723 F.2d at 1178 (defendant who took identical positions to the plaintiffs on the principal matters in issue was realigned as a plaintiff); *Dawson v. Legion Indem. Co.*, 2000 WL 124813 (N.D. Tex.) (defendant should be realigned as plaintiff even though they disagreed on legitimate but non-controlling issues because their interests were aligned on the controlling issue in dispute).
>
> When determining the parties' interests, the court makes "a practical determination based on the nature of the dispute." *Bundag*, 510 F.Supp. at 624.

*Robins v. Bassman*, 2009 WL 2835757 (N.D.Tex. Sept. 2, 2009).

### 2. Analysis

Under Step One, the Court finds that the "primary and controlling matter in dispute" is whether State Farm must provide coverage for Matthew in the event that he is found liable in the Tort Case. However, the Court cannot conclude under Step Two that Plaintiffs and Matthew have a "collision of interest" such that Matthew should be aligned as a defendant in this case. "[E]ven if Plaintiffs and [Matthew] have a legitimate dispute in the wrongful death action, Plaintiffs and [Matthew] are aligned for purposes of the controlling issue in this suit—insurance coverage. Should [Matthew] be held liable for [Rubio's] death, [Matthew] would side with [Plaintiffs] in arguing that [State Farm] must cover any judgment." *See Dawson*, 2000 WL 124813, *2.

Moreover, the Seventh Circuit has recognized that in determining subject matter jurisdiction on the basis of diversity jurisdiction, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." *The Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998). This is evinced by the Houston Action, in which State Farm is in direct opposition to Matthew and the other accident victims on the coverage question.

Accordingly, the Court finds that Matthew should be realigned as a proper plaintiff in this suit. Thus, because complete diversity does exist with respect to the true parties in interest, Plaintiffs' motions to remand should be **DENIED**.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Leave to Remand (Dkt. No. 4) is **DENIED**.

2. State Farm's Motion for Leave to File its Response to Plaintiffs['] Motion for Leave to File Amended Complaint and Application for Declaratory Relief and to Remand Under 28 U.S.C. § 1447(e) (Dkt. No. 11) is **GRANTED**.

3. Plaintiffs' Motion for Leave to File First Amended Complaint and Application for Declaratory Judgment, and to Remand Under 28 U.S.C. § 1447(e) (Dkt. No. 7) is **GRANTED IN PART** and **DENIED IN PART**.

Signed this 26th day of July, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE